**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

LORD JUDAH AL-BARR,                                                           PLAINTIFF
Reg. # 40258-509

v.                          2:25CV00025-BSM-JTK

CHAD GARRETT, et al.                                                  DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.      Introduction**

Lord Judah Al-Barr ("Plaintiff") is in custody at Forrest City Medium Federal Correctional Institution ("FCI-Forrest City"). (Doc. No. 1). Plaintiff sued FCI—Forrest City officials alleging: equal protection violations;[1] violations of Plaintiff's rights under the Eighth Amendment;[2] due process violations; negligence; assault; false imprisonment, and intentional

---

[1] Plaintiff refers to this claim as a discrimination claim.

[2] Plaintiff refers to cruel and unusual punishment and "decent conditions," which the Court interprets as an unlawful conditions of confinement claim.

infliction of emotional distress. (Id.). On February 28, 2025, Plaintiff paid the $405 filing and administrative fee to initiate this lawsuit. (Doc. No. 8). The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee, regardless of fee status. 28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375 (8th Cir. 2000) (per curiam) (§ 1915A's screening requirement applies regardless of fee status).

**II.     Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III.    Plaintiff's Complaint**

Plaintiff sued former FCI-Forrest City Warden Chad Garrett, Assistant Warden Edge, Associated Warden Hailaire, Case Manager Coordinator Jefferson, Unit Manager Wilson, Case Manager Barrett, and Counselors Williams and Pike (collectively, "Defendants"). (Doc. No. 1). Plaintiff asserts Defendant Barrett refuses to correct an error in Plaintiff's BOP records. (Id. at 4-5). Plaintiff says Defendant Barrett's refusal to correct the error has prevented Plaintiff from being eligible for earlier release from federal custody. (Id. at 4-5). According to Plaintiff, all other Defendants conspired with Defendant Barrett for the error in his files to go uncorrected. (Id. at 4-6).

Plaintiff seeks damages and injunctive relief. (Id. at 8).

**IV.    Discussion**

Plaintiff's federal claims fail for the reasons set out below and should be dismissed. Plaintiff also raised state-law claims. If the Court dismisses Plaintiff's federal claims, the Court should decline to exercise jurisdiction over Plaintiff's state-law claims.

**A.    Federal Claims**

Plaintiff alleges Defendants, through a conspiracy, violated Plaintiff's equal protection rights, due process rights, rights under the Eighth Amendment, and falsely imprisoned him.

**1.    Equal Protection**

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)).

Plaintiff says Defendants violated his equal protection rights, but he does not provide any factual allegations in support of his equal protection claim. Plaintiff provides no explanation as to how Defendants treated him differently than similarly situated individuals. To the extent Plaintiff claims his equal protection rights were violated, that claim is conclusory. Bare allegations void of factual enhancement are insufficient to state a claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### 2.  Eighth Amendment

Plaintiff claims Defendants subjected him to cruel and unusual punishment and unlawful conditions of confinement. These allegations constitute a claim under the Eighth Amendment. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (internal citations omitted). Again, Plaintiff's allegations are conclusory. Plaintiff does not identify any substantial risk of harm and does not explain how any Defendant was deliberately indifferent to that risk.

### 3.  False Imprisonment

Plaintiff maintains he is falsely imprisoned. He says Defendants conspired to allow Defendant Barrett's failure to correct an error in Plaintiff's BOP records, which harmed Plaintiff by "hindering [his] ability to apply time-earned credits that would all [him] to drop in custody and advance toward freedom." (Doc. No. 1 at 4).

To the extent that states a federal claim, Plaintiff's claims are barred by the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994). The crux of Plaintiff's claim is that he could be released sooner if Defendants corrected the error in his records.

As the United States Supreme Court has instructed:

4

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck, 512 U.S. at 487. This approach prevents "a collateral attack on the conviction through the vehicle of a civil suit." Id. at 485 (internal citations omitted). To succeed on his claims here, Plaintiff would need to establish the unlawfulness of the length of his sentence considering he was prevented from applying "time earned credits," which is the type of claim barred by Heck. See Portley-El v. Brill, 288 F.3d 1063, 1067 (8th Cir. 2002). Plaintiff cannot challenge the length of his sentence in this civil rights action; his only federal recourse is habeas corpus. See Heck v. Humphrey, 512 U.S. 477 (1994).[3]

### 4. Due Process

Plaintiff also claims Defendants violated his due process rights. Plaintiff's claims fall under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Id. at 3-4). "[A] *Bivens* action is the federal analog to suit brought against state officials under . . . 42 U.S.C. § 1983." Hartman v. Moore, 547 U.S. 250, 254 n.2 (2006). A claim under Bivens is the same as an action under 42 U.S.C. § 1983, "except that the former is maintained against federal officials while the latter is against state officials." Sanchez v. U.S., 49 F.3d 1329, 1330 (8th Cir. 1995) (per curiam). Generally, case law analyzing 42 U.S.C. § 1983 claims applies to Bivens cases. See Ibrahim v. United States, 868 F. Supp. 2d 27, 30 (E.D.N.Y. 2012).

---

[3] The Court notes that Plaintiff filed a habeas action on December 2, 2024. Al-Barr v. U.S.A., 3:24-cv-00238-BSM (E.D. Ark.). The Court further notes that Plaintiff also filed a Motion for Compassionate Release and Pro Se Motion to Vacate, Set Aside, or Correct sentence in his federal criminal case. United State v. Al-Barr, 3:21-cv-00014-1-BSM (E.D. Ark.)

5

In determining whether Plaintiff's allegations may proceed under Bivens, the first question is whether his case is "the type for which a *Bivens* remedy is available." Farah v. Weyker, 926 F.3d 492, 497 (8th Cir. 2019). The United States Supreme Court has recognized an implied cause of action under Bivens on only three occasions. (Id. at 497-98). The three cases in which the Supreme Court recognized a Bivens claim included: the ground-breaking Bivens case itself, 403 U.S. 388 (allegedly unlawful arrest and warrantless search in violation of the Fourth Amendment); Carlson v. Green, 446 U.S. 14 (1980) (failure to treat prisoner's asthma in violation of the Eighth Amendment); and Davis v. Passman, 442 U.S. 228 (1979) (sex discrimination in violation of Fifth Amendment due process rights).

In a more recent case, the Supreme Court warned that while "*Bivens* is well-settled law in its own context . . . expanding the *Bivens* remedy is now a 'disfavored' judicial activity." Ziglar v. Abbasi, 137 S. Ct. 1843, 1857 (2017). Indeed, the Supreme Court has "consistently refused to extend *Bivens* to any new context or new category of defendants . . . ." Id. (internal citation omitted). "[F]or almost 40 years, [the Supreme Court] [has] . . . rebuffed requests to add to the claims allowed under *Bivens*." Hernandez v. Mesa, 140 S. Ct. 735, 743 (2020). Instead, "private rights of action to enforce federal law must be created by Congress." Id. at 742 (internal citation omitted).

Courts now undertake a two-step analysis to determine if an implied cause of action under Bivens exists. Farah, 926 F.3d at 498. The first step is to ascertain whether the case presents "one of 'the three Bivens claims the [Supreme] Court has approved in the past' or whether, instead, allowing the plaintiffs to sue would require us to extend Bivens to a new 'context.'" Id. If the claim presented is not one that has been previously recognized, courts consider whether "special factors counsel[] hesitation" in extending Bivens to the claims at hand. Id.

6

Plaintiff alleges Defendants conspired to allow for Defendant Barrett's failure to correct an error in Plaintiff's BOP records, which harmed Plaintiff by "hindering [his] ability to apply time-earned credits that would all [him] to drop in custody and advance toward freedom."  (Doc. No. 1 at 4).

      a.      **New Context**

In <u>Davis v. Passman</u>, noted above, the plaintiff alleged violation of her due process rights. <u>Passman</u>, 442 U.S. 228.  Here, too, Plaintiff says his due process rights were violated.  (Doc. No. 1 at 4).

While both this case and <u>Passman</u> involve a due process claim against federal actors, the facts of the cases and the nature of the alleged violations are different.  As such, the Court must determine if the differences "'are meaningful enough to make [this] context a new one.'"  <u>Farah</u>, 926 F.3d at 498.  The context will be considered new if "the case is different in meaningful way from the previous *Bivens* cases" decided by the Supreme Court.  <u>Abbasi</u>, 137 S. Ct. at 1859.  In deciding whether a context is new, courts consider the following factors, among others:

> the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; [and] the presence of potential special factors that previous *Bivens* cases did not consider.

<u>Farah</u>, 926 F.3d at 498 (citing <u>Abbasi</u>, 137 S. Ct. at 1859-60).

In <u>Passman</u>, the issue was discrimination.  The plaintiff, a congressional staffer, was terminated from her employment on the basis of sex.  <u>Passman</u>, 442 U.S. at 230.  She sought damages in the form of backpay for the alleged violation of her Fifth Amendment rights.  <u>Id</u>. at 231.  Here, Plaintiff, an inmate with administrative remedies available to him, alleges his due process rights were violated when Defendants refused to correct an error in his prison file.

7

The factual differences between this case and Passman are vast, with respect to both how the claims arose and the damage alleged. "When . . . meaningful differences exist, it is not enough to identify a few similarities." Ahmed v. Weyker, 984 F.3d 564, 570 (8th Cir. 2020). When meaningful differences exist, a modest extension is nonetheless an extension, "even if [the claim] involves 'the same constitutional provision.'" Id. (internal citation omitted). In cases more similar to the one at hand than Passman, courts have found "new context" for Abbasi purposes. For example, the Court of Appeals for the Ninth Circuit determined that a federal prisoner's due process claim arising out of disciplinary proceedings against him was a new context under Abbasi. Vega v. United States, 881 F.3d 1146, 1153 (9th Cir. 2018). And other courts that considered an inmate's due process claims in connection with the loss of personal property have found that allowing the claim to proceed would extend Bivens to a new context. See Berry v. Bureau of Prisons, No. 5:20-CV-424-KKM-PRL, 2021 WL 4166181, at *3 (M.D. Fla. July 27, 2021). While not binding, such decisions are informative.

Considering the differences between Passman and this case, the Court finds Plaintiff's claims present a new context for the purposes of Abbasi.

b.     **Special Factors Counseling Hesitation**

Because the Court determined Plaintiff's claims present a new context, the determination as to whether an implied cause of action under Bivens exists proceeds to the second step of the analysis: do any "special factors counsel[] hesitation" in allowing the case to proceed as a new *Bivens* cause of action in the absence of affirmative action by Congress? Farah, 926 F.3d at 500.

The Court finds there are special factors that counsel hesitation in allowing this case to proceed under Bivens. An inmate may seek relief through the BOP's grievance procedure. Allowing Plaintiff's claims to proceed under Bivens would engage the courts in disputes that could

8

be and should be raised administratively, which is disfavored. (See <u>Abbasi</u>, 137 S. Ct. at 1865; <u>Farah</u>, 926 F.3d at 501-02; 28 C.F.R. §§ 542.10-.19). Providing a damages remedy for Defendants' alleged wrongs in this case lies in Congress's realm. See <u>Id</u>. Accordingly, Plaintiff's due process claims should be dismissed without prejudice for failure to state a claim on which relief may be granted.

  **B.** **State-Law Claims**

In addition to his federal claims, Plaintiff brought the state-law claims of negligence, assault, and intentional infliction of emotional distress. (Doc. No. 1 at 4). This Court may decline to exercise supplemental jurisdiction over state law claims if no live federal claims remain in this case. 28 U.S.C. § 1367. "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point towards declining to exercise jurisdiction over the remaining state-law claims.'" <u>King v. City of Crestwood, Missouri</u>, 899 F.3d 643, 651 (8th Cir. 2018) (internal citation omitted). Having already determined that Plaintiff's federal claims should be dismissed, the Court should decline to retain jurisdiction over Plaintiff's state-law claims.

**V.** **Conclusion**

  IT IS, THEREFORE, RECOMMENDED that:

  1. Plaintiff's federal claims be DISMISSED without prejudice.

  2. The Court decline to exercise jurisdiction over Plaintiff's state law claims.

  3. This action be DISMISSED.

  4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an <u>in forma pauperis</u> appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 7th day of March, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE